IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLARD M. IMAMOTO, | ) | CIVIL NO. 08-00137 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECONSIDERATION |
| vs. | ) | OF ORDER GRANTING |
| | ) | DEFENDANT ARLEEN JOUXSON'S |
| SOCIAL SECURITY | ) | MOTION FOR SUMMARY |
| ADMINISTRATION; IRENE | ) | JUDGMENT |
| KISHITA; DEPARTMENT OF | ) | |
| HUMAN SERVICES, STELLA | ) | |
| TRIPP; ARLEEN JOUXSON, ESQ.; | ) | |
| and PATRICIA MURAKAMI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT ARLEEN JOUXSON'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Before the court is Plaintiff Willard M. Imamoto's ("Plaintiff")

Motion for Reconsideration of Order Granting Defendant Arleen Jouxson's

Motion for Summary Judgment ("Motion for Reconsideration"). Pursuant to

Local Rule 7.2(d), the court decides this motion without a hearing. After careful

consideration of the issues raised, the court DENIES Plaintiff's Motion for

Reconsideration.

## II.  BACKGROUND

The facts underlying the dispute in this action have been adequately set forth in the court's July 2, 2008 Order Granting Defendant Jouxson's Motion for Summary Judgment ("July 2, 2008 Order"), and need not be recounted in full here.  Briefly, Plaintiff sued Jouxson for legal malpractice based on her representation of Plaintiff in August 2000 in an appeal of his Social Security benefits.  The court ruled that Plaintiff's cause of action accrued in August 2000, and that the six-year statute of limitations was not tolled due to insanity.  As a result, Plaintiff's claims against Jouxson filed on March 24, 2008 were barred by the statute of limitations.  Alternatively, the court concluded that summary judgment was appropriate because Plaintiff's claims against Jouxson were factually unsupported.

## III.  STANDARD OF REVIEW

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw.

1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).

Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Fin. Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988); *see also* Local Rule 60.1 (providing that reconsideration is only permitted where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact").

## IV.  ANALYSIS

Plaintiff's arguments for reconsideration relate primarily to the court's determination that his claims are barred by the statute of limitations and not tolled due to insanity.  Plaintiff claims that "the higher courts will be more liberal in their interpretations of my mental illness and the accrual of the statute of limitations of civil actions."  Pl.'s Mot. 1.  Plaintiff's Motion for Reconsideration does not set forth any new evidence or argue an intervening change in law.  The

3

court therefore construes Plaintiff's motion as seeking relief to correct clear or manifest error in law or fact in order to prevent manifest injustice.

Plaintiff first argues that the court erred in not tolling the statute of limitations due to his insanity.  He appears to argue that he is legally insane under the tolling provision because he has been diagnosed with chronic paranoid schizophrenia.  As the court explained in its July 2, 2008 Order, however, such a diagnosis alone does not establish that Plaintiff was insane for the purposes of Hawaii Revised Statutes ("HRS") § 657-13.[1]  *See Nunnally v. MacCausland*, 996

---

[1] HRS § 657-13 provides in part:

> If any person entitled to bring any action specified in this part
> . . . is, at the time the cause of action accrued, either:
> > (1) Within the age of eighteen years; or,
> > (2) Insane; or,
> > (3) Imprisoned on a criminal charge, or in execution under the
> > sentence of a criminal court for a term less than the person's
> > natural life;
> such person shall be at liberty to bring such actions within the respective
> times limited in this part, after the disability is removed or at any time
> while the disability exists.

Although HRS § 657-13 does not define the meaning of "insane," the Hawaii Supreme Court has explained:

> [J]urisdictions examining the meaning of insanity in the context of tolling
> the statute of limitations have liberally defined the term as: (1) the inability
> to understand one's legal rights or manage one's affairs; (2) the inability to
> understand the nature or effect of one's acts; or (3) the inability to carry
> out one's business and prosecute the claim.

*Buck v. Miles*, 89 Haw. 244, 252, 971 P.2d 717, 725 (1999) (citations omitted); *see also*

(continued...)

F.2d 1, 5 (1st Cir. 1993) (noting that a court cannot rely on diagnosis alone to determine whether a plaintiff is able to protect his legal rights); *Pop v. Yarborough*, 354 F. Supp. 2d 1132, 1143 (C.D. Cal. 2005) (explaining that under applicable state law, "[m]ere affliction with a mental illness is insufficient to establish insanity"); *Dumas v. Agency for Child Dev.-N.Y. Head Start*, 569 F. Supp. 831, 833 (S.D.N.Y. 1983) (stating that a diagnosis of "schizophrenia, paranoid, chronic with acute exacerbation DSM III 295.34" did not result in tolling because plaintiff's disability "was not of the severe and incapacitating nature contemplated by the tolling statute. The statute speaks in terms of insanity, not merely mental illness").

Second, Plaintiff argues that the court erred when it concluded that Plaintiff was able to prosecute his claims, manage his affairs, and understand the nature of and effect of his actions in late 2000 based on his pro se activities. He claims instead that "[a]ll I was seeking was information as to why my benefits were terminated, who terminated my benefits, could anyone help me in getting to the truth, and helping me with my Social Security dispute. Everyone who I

---

[1](...continued)
*Christian v. Waialua Agric. Co.*, 31 Haw. 817, 1931 WL 2823, at *41 (Haw. Terr. Apr. 18, 1931) (defining "insanity" as "a broad, comprehensive, and generic term, of ambiguous import, for all unsound and deranged conditions of the mind" and finding for contract actions that "[t]he proper inquiry is whether he was capable of understanding and appreciating the nature and effect of the one particular act or transaction which is challenged").

inquired with or asked for help, never did." Pl.'s Mot. 3.  Plaintiff's arguments for

reconsideration only confirm the court's determination that (1) there was a nexus

between the content and type of pro se activities undertaken by Plaintiff and the

relief he sought, all of which appeared appropriate under the circumstances, and

therefore, (2) Plaintiff was able to understand his legal rights, understand the

nature of his acts, and carry out his business and prosecute his claims in late 2000.

       Third, Plaintiff claims that the evidence shows that he was legally

insane in 2003, 2004, and 2005.  As the court explained in its July 2, 2008 Order,

however, Plaintiff did not establish legal insanity when his claim accrued in

August 2000.  Under § 657-13, the statute of limitations is tolled only for

disabilities that exist "at the time the cause of action accrued."  Thus, once that

disability is removed, the statute of limitations begins and will not toll for later

disabilities. *Turner v. City & County of Honolulu*, 2008 WL 1847915, at *5 (D.

Haw. Apr. 24, 2008); *see also Gutierrez v. D.K. Butler*, 2008 WL 436948, at *2

(E.D. Cal. Feb. 14, 2008) ("A limitation period is not suspended by a disability or

impediment to suit arising after the period commenced running."); *Gamba v.

Woodford*, 2007 WL 2481746, at *3 (E.D. Cal. Aug. 29, 2007) (stating that the

plaintiff must prove that he was continuously insane from the time his cause of

action accrued).  Plaintiff has not established that he was legally insane at the time

his cause of action accrued; whether Plaintiff was legally insane in 2003, 2004, or 2005 does not toll the statute of limitations for Plaintiff's claim that accrued in August 2000.

In sum, Plaintiff has not established the need to correct clear or manifest error in law or fact in order to prevent manifest injustice with respect to the court's July 2, 2008 Order.

## V.  CONCLUSION

For these reasons stated above, the court DENIES Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 15, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Imamoto v. Soc. Sec. Admin., et al.*, Civ. No. 08-00137 JMS/KSC; Order Denying Plaintiff's Motion for Reconsideration of Order Granting Defendant Arleen Jouxson's Motion for Summary Judgment