IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLARD M. IMAMOTO, | ) | CIVIL NO. 08-00137 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | ARLEEN JOUXSON'S MOTION |
| vs. | ) | FOR CERTIFICATION OF |
| | ) | FINALITY UNDER RULE 54(b) |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION; IRENE | ) | |
| KISHITA; DEPARTMENT OF | ) | |
| HUMAN SERVICES, STELLA | ) | |
| TRIPP; ARLEEN JOUXSON, ESQ.; | ) | |
| and PATRICIA MURAKAMI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT ARLEEN JOUXSON'S MOTION
FOR CERTIFICATION OF FINALITY UNDER RULE 54(b)**

Defendant Arleen Jouxson ("Jouxson") moves this court for a

certification of finality pursuant to Federal Rules of Civil Procedure Rule 54(b)

based on this court's entry of summary judgment in her favor on July 3, 2008.

Based on the following, the court DENIES Jouxson's Motion.

## I. BACKGROUND

Pro se Plaintiff Willard M. Imamoto ("Plaintiff") filed a Complaint

against various government Defendants and Jouxson on March 24, 2008.

Plaintiff's Complaint alleges violations of 42 U.S.C. § 1983, Title VI of the Civil

Rights Act of 1964, Title II of the Americans With Disabilities Act ("ADA"), Title

XVI of the Social Security Act, and legal malpractice.

Plaintiff alleges that in August 2000, he retained Jouxson, a

Honolulu attorney, to represent him in challenging the denial of certain benefits

from the Social Security Administration ("SSA"), and that Jouxson committed

malpractice because she (1) sought medical records from his physician when

Plaintiff had not authorized their release, and (2) breached her contract of

representation because she could not achieve the result purportedly guaranteed by

contract.  Jouxson moved for summary judgment, in part, on the grounds that

Plaintiff's claims were barred by the statute of limitations.  Plaintiff in turn argued

that his claims against Jouxson should be tolled due to insanity pursuant to Hawaii

Revised Statute ("HRS") § 657-13.  The court disagreed with Plaintiff, finding that

Plaintiff's paranoid schizophrenia did not toll the statute of limitations, and that

his claim was thus barred by Hawaii's six-year statute of limitations.  *See Imamoto*

*v. Soc. Sec. Admin.*, 2008 WL 2622815 (D. Haw. July 3, 2008).

Plaintiff also alleged that State of Hawaii Department of Human

Services employee Stella Tripp played a role in the wrongful denial of his benefits

and a related government conspiracy.  Tripp filed a motion to dismiss on

September 9, 2008 and argued, like Jouxson, that Plaintiff's claims were barred by

2

the statute of limitations.  Again, Plaintiff asserted that his Complaint was timely because his mental insanity tolled the statute of limitations pursuant to HRS § 657-13.  And also again, the court rejected this argument:

> For largely the same reasons set forth in the July 3, 2008 Order, Plaintiff has failed to demonstrate as of July 2001: (1) the inability to understand his legal rights or manage his affairs; (2) the inability to understand the nature or effect of his acts; or (3) the inability to carry out his business and prosecute his claim.

*Imamoto v. Soc. Sec. Admin.*, 2008 WL 4657811, at *6 (D. Haw. Oct. 21, 2008).

## II.  <u>STANDARD OF REVIEW</u>

Rule 54 of the Federal Rules of Civil Procedure provides for the entry of judgment in cases involving multiple claims or multiple parties.  Rule 54 states in relevant part:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.**  When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification."  *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citing

3

*Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 365 (3d Cir. 1975)); *see also Montana v. Atl. Richfield Co.*, 273 F. Supp. 2d 1159, 1159 (D. Mont. 2003) ("The moving party must demonstrate that certification is appropriate.").

A court must consider two factors when considering whether to enter a Rule 54(b) judgment: (1) whether the decision is final, that is, "an ultimate disposition of an individual claim entered in the course of a multiple claims action;" and (2) if the claim is final, "whether there is any just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980).

Factors to evaluate include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2659 (1998) ("It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.").

///

4

# III. <u>ANALYSIS</u>

In support of her Motion, Jouxson states that the claim asserted against her and decided by this court is "entirely independent from the constitutional and statutory claims asserted against the government defendants." Mot. at 6. In fact, however, the court granted summary judgment in favor of both Jouxson and Tripp based on statute of limitations grounds, and specifically found in both Orders that Plaintiff could not toll the applicable statute based on his mental illness. The court is concerned, therefore, that to enter judgment against Jouxson alone would result in piecemeal appeals requiring more than one adjudication by the court of appeals. Further, there is nothing extraordinary about this case to warrant certification.[1] In short, Jouxson has not met her burden.

---

[1] As the Ninth Circuit has explained:

This is not a complicated case. It is a routine employment discrimination action. In such cases it is typical for several claims to be made, based on both state and federal law, and for several theories of adverse treatment to be pursued. It is also common for motions to be made for summary judgment, and to be granted in part and denied in part as district judges trim and prune a case to focus on what really is at issue for trial. At least in our experience, requesting--or granting a request for--certification in ordinary situations such as this is not routine. We believe it should not become so. As put by the Supreme Court, "[p]lainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." [*Curtiss-Wright*, 446 U.S.] at 10, 100 S.Ct. 1460.

Because [the plaintiff's] case is itself routine and partial adjudication of one of several related claims or issues is likewise routine,

(continued...)

5

Consequently, the court concludes that certification pursuant to Rule 54(b) is not

warranted.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, the court DENIES Defendant Arleen

Jouxson's Motion for Certification of Finality Under Rule 54(b).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 25, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Imamoto v. Soc. Sec. Admin.*, Civ. No. 08-00137 JMS/KSC; Order Denying Defendant Arleen
Jouxson's Motion For Certification of Finality Under Rule 54(b)

---

<sup>1</sup>(...continued)
granting her Rule 54(b) request does not comport with the interests of
sound judicial administration.

*Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) (first alteration in original).